[No. 14838. Department Two. January 10, 1919.]

GLORVINA REDELSHEIMER, *as Executrix etc.,*
*Respondent,* v. LAURA ZEPIN *et al.,*
*Appellants.*[1]

WILLS—CONSTRUCTION—PAYMENT OF DEBTS. A testator charges
the payment of all debts, separate and community, upon his half of
the community property, notwithstanding Rem. Code, § 1342, mak-
ing each share liable therefor, and the wife takes her half freed
therefrom as against other legatees, where, by the first paragraph,
he directed his executors, as soon as they have sufficient funds, "be-
longing to my estate," to pay the funeral and administration ex-
penses and all debts properly chargeable against his estate, and by
the next paragraph willed to his wife her half of the community
property, which, by Rem. Code, § 5917, he had no authority to will.

Appeal from an order of the superior court for King
county, Jurey, J., entered November 26, 1917, in favor
of the plaintiff, in an action to construe a will, tried to
the court. Affirmed.

*Chas. Ethelbert Claypool* and *Hastings & Stedman*
(*Karl H. Kober,* of counsel), for appellants, contended
that the community interest of the survivor is subject
to community debts. Rem. Code, § 1342; *Ryan v.
Fergusson,* 3 Wash. 356, 28 Pac. 910; *Denton v.
Schneider,* 80 Wash. 506, 142 Pac. 9; *Peck v. Peck,*
76 Wash. 548, 137 Pac. 137; *McCullough v. Lauman,*
38 Wash. 227, 80 Pac. 441.

The will must show a clear intention to charge debts
against the particular property, and in the absence of
express directions, the debts are apportioned ratably
among legatees. 40 Cyc. 2071, 2073; 18 Am. & Eng.
Ency. Law (2d ed.), 714.

*Peters & Powell* and *Wright, Kelleher & Allen,* for
respondent, contended, *inter alia,* that the will must be

[1] Reported in 177 Pac. 736.

considered as intending a benefit to the legatee. *Wallace v. Wallace,* 23 N. H. 149.

The situation of the parties and attending circumstances should be considered for the purpose of showing what the testator meant. Schouler, Wills (5th ed.), § 466; *Armstrong v. Barber,* 239 Ill. 389, 88 N. E. 246; *Herring v. Williams,* 153 N. C. 231, 69 S. E. 140, 138 Am. St. 659; *Maxcy v. Oshkosh,* 144 Wis. 238, 128 N. W. 899, 31 L. R. A. (N. S.) 787; *Dana v. Dana,* 185 Mass. 156, 70 N. E. 49; *Settle v. Shafer,* 229 Mo. 561, 129 S. W. 897; *Gould v. Chamberlain,* 184 Mass. 115, 68 N. E. 39.

The intention to charge his half of the estate with community debts need not be expressed, but the same may be inferred if necessary to effect the testator's object and purpose. 40 Cyc. 1072; *Calder v. Curry,* 17 R. I. 610, 24 Atl. 103; *Currier v. Currier,* 70 N. H. 145, 47 Atl. 94; *Rice v. Harbeson,* 63 N. Y. 493; *Quinby v. Frost,* 61 Me. 77; *Stevens v. Burgess,* 61 Me. 89.

An intention that a legacy be paid at all events, is sufficient to charge the balance of the estate with the debts. 40 Cyc. 1072; *Quinby v. Frost, supra; Bank of United States v. Beverley,* 1 How. (42 U. S.) 134; *Fenwick v. Chapman,* 9 Pet. (34 U. S.) 461.

The devise to the widow was a specific bequest. *Currier v. Currier, supra.*

MOUNT, J.—The question presented upon this appeal is the construction of a will of Julius Redelsheimer, deceased. Prior to his death, Mr. Redelsheimer made a will, the first two paragraphs of which are as follows:

"(1) I direct that my executrix and executor hereinafter named, to wit: Glorvina Redelsheimer and Benjamin Moyses, as soon as they have sufficient funds in their hands, belonging to my estate, pay my funeral

expenses, expenses of my last illness, and all just debts, demands and charges, of every kind and nature, properly chargeable against my estate.

"(2) It was formerly my intention to give, bequeath and devise to my beloved wife, Glorvina Redelsheimer, all of my estate at the time of my death, in appreciation of the great assistance she has rendered me in accumulating the property possessed by us, but our money and property has become such an amount that I feel that her community interest, being one-half (½) of our entire estate, will afford her all the money and property needed or desired by her and that our entire estate would be a burden to her.

"I therefore give, bequeath and devise to her one-half (½) of our estate, the same being her community interest therein, and I also give and bequeath to her all household furniture, furnishings, personal effects, automobiles or other conveyances and all my jewelry."

The will then makes several bequests to charitable institutions and to nephews and nieces. After Mr. Redelsheimer's death, the will was regularly probated in the superior court of King county. Thereafter, Benjamin Moyses, one of the executors, died, and Mrs. Redelsheimer thereafter continued to act as sole executrix. Pending the administration, the question arose whether the community debts should be paid *pro rata* by the whole estate, or whether these debts should be paid from the estate of the deceased, being one-half the community estate. Upon a hearing before the superior court of King county for the purpose of construing the will, it was adjudged that the will of Mr. Redelsheimer

"charged the payment of all his debts and obligations, including the debts and obligations of the marital community of himself and his wife, Glorvina Redelsheimer, upon his one-half interest in the community property of the said marital community. . . ."

This appeal is prosecuted from that order.

It is argued by the appellants that, because the statute, at Rem. Code, § 1342, provides that, ''upon the death of either husband or wife, one-half of the community property shall go to the survivor, subject to the community debts, and the other half shall be subject to the testamentary disposition of the deceased husband or wife, subject also to the community debts,'' and because there is no clear provision in the will that the debts shall be paid from the community interest of the testator, and because the terms of the will do not clearly show the intention of the testator that his share of the community estate shall pay all the debts; therefore, the debts should be borne ratably by the whole estate, and that the balance of the estate, after the debts are paid, be distributed according to the terms of the will. It is no doubt true that the creditors of the estate may subject the whole estate to the payment of their claims. If a testator should direct that the debts should be paid from his part of the community estate, and such estate was not sufficient to pay all the debts of the community, the creditors, under the statute above referred to, might subject the whole estate to the payment of the debts, but that is as far as this statute goes. The first paragraph of the will directs that the executors,

''As soon as they have sufficient funds in their hands, belonging to my estate, pay my funeral expenses, expenses of my last illness and all just debts, demands and charges, of every kind and nature, properly chargeable against my estate.''

The estate of the deceased was one-half of the community estate. All the property was community property. We think it is clear from this provision of the will that the testator intended that his estate should pay all the debts of the estate, both separate and com-

munity, and that the balance of his estate should be distributed as provided in the will. According to the second paragraph of the will, above quoted, the testator gave to his wife only her interest in the estate, beside the personal effects named. He was not authorized to dispose of that interest by will. Rem. Code, § 5917. We are satisfied, when these two provisions of the will are read together, it was plainly the intention of the testator to give to his wife her interest in the community estate free from all claims or debts, so far as the other legatees named in the will were concerned. According to the provision of Rem. Code, § 1342, the share of each in the community was liable for the community debts. The interest of the testator was liable for the community debts, and in paragraph "1" of his will he declares that, as soon as the executors "have sufficient funds in their hands, belonging to *my estate*," they shall pay all just debts properly chargeable against *"my estate."* We think it is plain from this paragraph that the testator intended that the debts, demands and charges against the estate should be payable from his part of the estate.

We are satisfied, therefore, that the trial court properly construed the will, and the order appealed from must be affirmed.

MAIN, C. J., HOLCOMB, FULLERTON, and PARKER, JJ., concur.